UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AZIZI ANSARI,

       Petitioner,

   -against-

WARDEN D. EDGE,

       Respondent.

20-CV-3469 (CM)

TRANSFER ORDER

COLLEEN McMAHON, Chief United States District Judge:

  Petitioner, currently incarcerated at the Metropolitan Detention Center in Brooklyn, New York, brings this *pro se* petition for a writ of *habeas corpus* under 28 U.S.C. § 2241, seeking compassionate release based on his compromised immune system and risk of contracting COVID-19.[1] For the following reasons, this petition is transferred to the United States District Court for the Eastern District of New York.

  In order to entertain a *habeas corpus* petition under 28 U.S.C. § 2241, a court must have jurisdiction over the custodian. *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 494-95 (1973) (writ of *habeas corpus* does not act upon the prisoner who seek relief, but upon his or her custodian). Thus, the jurisdiction of a *habeas* petition challenging a petitioner's physical confinement generally lies in the district of his confinement. *Rumsfeld v. Padilla*, 542 U.S. 426, 442 (2004). Petitioner is currently detained at MDC Brooklyn, which is located in the judicial district of the United States District Court for the Eastern District of New York.[2]

---

[1] Petitioner alleges that he has contracted "Valley Fever" from coccidioides fungi in prison in Tucson, Arizona.

[2] Petitioner was convicted in *United States v. Ansari*, No. 2:07-CR-00337-1 (EEF) (SS) (E.D. La. Mar. 4, 2010), of distribution and possession with intent to distribute quantities of methylenedioxmethamphetamine ("Ecstasy"), in violation of 21 U.S.C. § 846, and sentenced to 20 years' incarceration. Petitioner alleges that he has served 149 months' incarceration. In addition to this § 2241 petition, Petitioner has also filed a motion in his criminal action seeking

Therefore, in the interest of justice, this Court transfers this petition to the United States District Court for the Eastern District of New York. *See* 28 U.S.C. § 1406(a).

The Clerk of Court is directed to mail a copy of this order to Petitioner and note service on the docket. The Clerk of Court is further directed to transfer this action to the United States District Court for the Eastern District of New York. The Court waives the provision of Local Civil Rule 83.1 that requires a seven-day delay before the Clerk of Court may effectuate the transfer of the case to the transferee courts. Whether Petitioner should be permitted to proceed further without payment of fees is a determination to be made by the transferee court.[3] This order closes the case in this Court.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   May 5, 2020
           New York, New York

                                                                            COLLEEN McMAHON
                                                                   Chief United States District Judge

---

compassionate release, and the government has requested an extension of time until May 18 to respond. *See Ansari*, No. 2:07-CR-00337 (E.D. La.) (ECF 151).

    [3] Petitioner did not pay the $5.00 filing fee or submit an IFP application.